# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

## COMPLAINT FOR UNPAID WAGES, OVERTIME, RETALIATION, AND MISCLASSIFICATION
(Jury Trial Demanded)

FILED BY ___ D.C.

AUG 21 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**Plaintiff:** Elroy Phillips Jr., an individual

**Defendant:** Alpha 7 Protective Services, a business entity headquartered in Illinois and operating in Florida.

## NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201219 ("FLSA"), for unpaid wages, unpaid overtime premiums, retaliation, and misclassification.

2. Plaintiff seeks unpaid wages, overtime premiums, liquidated damages, compensatory and punitive damages for retaliation, and attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

4. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391 because Defendant conducts business in this District and the unlawful employment practices occurred here.

## FACTS

5. Plaintiff worked full-time for Defendant as a security guard.

6. Plaintiff was classified as a 1099 independent contractor, but Defendant controlled Plaintiff's schedule, assignments, and work conditions, making Plaintiff an employee under the FLSA.

7. Between May 19, 2025 and May 31, 2025, Plaintiff worked 34 overtime hours. Defendant paid only the regular rate of $20/hour for those hours, and not the required overtime premium of $30 per hour. Plaintiff is owed $340 in unpaid overtime premiums.

8. Between July 27, 2025 and August 9, 2025, Plaintiff was not paid at all, despite working his full schedule. Plaintiff is owed $2,415 for that period.

9. Total unpaid wages and overtime premiums: $2,755.

10. When Plaintiff inquired about missing pay, a manager told him she "did not care," that his "time sheets and proof of work mean nothing to her," and that she was "too busy to deal with his issue" and would "get to it when she felt like getting to it."

11. Other employees were paid, but Plaintiff was deliberately excluded.

12. Plaintiff quit employment after this treatment.

13. Defendant's conduct constitutes wage theft, overtime violations, retaliation, and willful misclassification.

## COUNTS

### COUNT I  UNPAID WAGES (29 U.S.C. § 206)

14. Plaintiff incorporates paragraphs 1-13.
15. Defendant failed to pay Plaintiff wages for July 27August 9, 2025.
16. Defendant is liable for unpaid wages of $2,415, plus liquidated damages.

### COUNT II  UNPAID OVERTIME (29 U.S.C. § 207)

17. Plaintiff incorporates paragraphs 1-13.
18. Plaintiff worked 34 overtime hours between May 19 - May 31, 2025.
19. Defendant paid regular rate but failed to pay the overtime premium, shorting Plaintiff $340.
20. Defendant is liable for unpaid overtime premiums of $340, plus liquidated damages.

### COUNT III  RETALIATION (29 U.S.C. § 215(a)(3))

21. Plaintiff incorporates paragraphs 1-13.
22. Defendant retaliated against Plaintiff by refusing to pay wages while paying other employees after Plaintiff asserted his rights.
23. Defendant's retaliatory actions caused Plaintiff severe economic harm. At the time Plaintiff's wages were withheld, he was living in a rental car. Because Defendant failed to pay him on payday, Plaintiff was unable to renew the rental and was forced to sleep in a storage unit he had rented. This retaliation and willful indifference caused Plaintiff housing loss, deprivation of basic necessities including food, and significant emotional distress. Defendant is liable for compensatory damages, punitive damages, and other relief as this Court deems just.

### COUNT IV  MISCLASSIFICATION (29 U.S.C. § 203)

24. Plaintiff incorporates paragraphs 1-13.
25. Defendant misclassified Plaintiff as a 1099 independent contractor despite controlling his schedule and duties.
26. Misclassification deprived Plaintiff of wages, overtime, and protections under the FLSA.
27. Defendant is liable for unpaid wages, overtime, and additional damages.

## PRAYER FOR RELIEF

28. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

1. Award unpaid wages of $2,415 and unpaid overtime premiums of $340;
2. Award liquidated damages of $2,755 under 29 U.S.C. § 216(b);
3. Award compensatory damages for retaliation and hardship in excess of $25,000;
4. Award punitive damages in excess of $70,000 for willful retaliation and misclassification;
5. Award costs and any further relief the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. Date: August 20, 2025

Respectfully submitted,

*[signature]*

Elroy Phillips Jr.
10753 NW 40TH STREET, SUNRISE, FL 33351